DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )   Civil Action No. 2015-0027
                                        )
ARAWAK PROGRAM, INC.; FIRST BANK        )
OF PUERTO RICO; HOUNDS & FOXES          )
TRACK CLUB; and THE GOVERNMENT OF       )
THE UNITED STATES VIRGIN ISLANDS,       )
                                        )
        Defendants.                     )
_____)

**Attorneys:**
**Stephanie Sasarak, Esq.,**
Washington, DC
    *For Plaintiff*

**Carol Ann Rich, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant First Bank of Puerto Rico*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Government of the Virgin Islands*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on the "Motion for Entry of Default Judgment on Count I Against Arawak Programs, Inc." (the "Motion") filed by Plaintiff United States of America ("Plaintiff" or the "United States"). (Dkt. No. 30). For the reasons discussed below, the Court will grant the Motion.

### I.   BACKGROUND

    On April 3, 2015, the United States filed a Complaint to reduce to judgment federal tax assessments against Defendant Arawak Program, Inc. ("Arawak") and to foreclose the federal tax

liens against two parcels of real property located on St. Croix—18 Estate St. George, Frederiksted, and 89 Estate Anna's Hope, Christiansted—in which Arawak had an interest. (Dkt. No. 1). The Complaint described Arawak as a 26 U.S.C. § 501(c)(3) not-for-profit corporation that operated under the trade name Camp Arawak, and which discontinued operations in 2009. *Id.* ¶ 4. In addition to naming Arawak as a Defendant, the United States also named First Bank of Puerto Rico ("First Bank"), the successor bank of Virgin Islands Community Bank ("VICB"), which recorded a mortgage against 18 Estate St. George; Hounds & Foxes Track Club ("Hounds & Foxes"), as lease holders in the property located at 89 Estate Anna's Hope; and the Office of the Lieutenant Governor for the United States Virgin Islands, which assessed property taxes against the two parcels of real property against which foreclosure was being sought. *Id.*, ¶¶ 6-8.

First Bank executed a waiver of service (Dkt. No. 7); the summons was returned executed on Hounds & Foxes Track Club, which was served on May 7, 2015 (Dkt. No. 8, 9), and the summons was returned unexecuted on Arawak. (Dkt. No. 10).

Before any of the parties answered, the United States filed a First Amended Complaint (the "Amended Complaint") on June 24, 2015 against Arawak, First Bank, Hounds & Foxes, and the Government of the United States Virgin Islands ("VI Government"). (Dkt. No. 11).[1]

Count I of the Amended Complaint seeks to reduce the tax assessments of Arawak to judgment. The United States alleged that "[t]he Commissioner of Internal Revenue made timely and proper assessments against, and gave notice and demand to, Arawak for unpaid federal employment (941) tax, penalties, statutory additions, and interest, and penalties for failure to file correct information returns pursuant to (26 U.S.C. § 6721(e)), statutory additions, and interest" for

---

[1] Defendant Office of the Lieutenant Governor for the United States Virgin Islands, named in the original Complaint, was changed to Defendant Government of the United States Virgin Islands in the Amended Complaint.

tax periods in a table it provided. *Id.* ¶ 10. The table had columns indicating "Tax Type," "Tax Period," "Assessment Date," and "Assessed Tax Amount," as well as 25 rows showing various dates between 2005 and 2013 on which particular amounts of taxes were assessed pursuant to Form 941. *Id.* The last row indicated "civil penalty" for 2005. *Id.* The Amended Complaint goes on to say that due to Arawak's failure to pay the assessments and accrued statutory additions for penalties and interest, $171,241.99 was owed as of March 31, 2015, with statutory additions for penalties and interest continuing to accrue until paid. *Id.* ¶¶ 12-14.

Count II of the Amended Complaint seeks to foreclose federal tax liens against real property located at 18 Estate St. George in Frederiksted, St. Croix, Virgin Islands. The United States alleges that, on December 23, 1985, Arawak acquired the real property located at 18 Estate St. George, described in the attached Deed of Gift as:

> Plot No. 18 of Estate St. George, Prince Quarter, consisting of 1.029 U.S. acres, as shown on Subdivision and Survey Map of portion of Estate St. George as P.W.D. Drawing No. 705, dated July 29, 1958.

(Dkt. No. 11 at 10). The Amended Complaint alleged that, as a result of the assessments referred to in paragraph 10, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322, which attached to all property then owned or thereafter acquired by Arawak, including 18 Estate St. George. (Dkt. No. 11, ¶ 17). VICB—acquired by First Bank in 2008—recorded a $12,600.00 mortgage on the 18 Estate St. George property. *Id.* ¶ 18. Although a release of the VICB mortgage has not been recorded, First Bank sent a letter dated March 30, 2012 to the IRS stating that the mortgage had been paid off before First Bank acquired VICB, and that the mortgage was not transferred to First Bank. *Id.* The Amended Complaint further alleged that, as of November 28, 2014, the 18 Estate St. George property is encumbered by a property tax assessed by the Office of the Lieutenant Governor of the Virgin Islands in the amount of $1,904.48. *Id.* ¶ 19. As a result of the federal tax liens attaching to the Estate St. George property and the unpaid tax liabilities, the United States

3

asserts that it is entitled to foreclose the federal tax liens on the property and sell it free and clear of the interest of all parties in the Amended Complaint. *Id.* ¶ 20. The sale proceeds would be paid to the parties in accordance with whatever interests they have in the property, with the amounts attributed to Arawak paid to the United States so as to be applied against Arawak's tax debt. *Id.*

In Count III of the Amended Complaint, the United States seeks to foreclose federal tax liens against real property located at 89 Estate Anna's Hope in Christiansted. The Amended Complaint alleges that, on March 4, 2002, Arawak acquired 89 Estate Anna's Hope, described in the attached Warranty Deed as:

> Plot 89 of Estate Anna's Hope, Company Quarter, consisting of 0.5108 U.S. acre, more or less, shown on OLG Drawing No. 733 dated November 5, 1958
>
> Together with all the tenements, hereditaments, buildings, and appurtenances thereunto belonging.
>
> Subject, however, to all restrictions and covenants of public record.

(Dkt. No. 11 at 14). The Amended Complaint provided that, as a result of the assessments referred to in paragraph 10, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322, which attached to all property then owned or thereafter acquired by Arawak, including 89 Estate Anna's Hope. (Dkt. No. 11, ¶ 23). The Amended Complaint further provided that, from January 1, 2012 through December 31, 2012, 89 Estate Anna's Hope was encumbered by a lease agreement between Arawak and Hound & Foxes which might continue to encumber the property. *Id.* ¶ 24. A copy of an unsigned lease agreement for January 1-December 31, 2012, was attached to the Amended Complaint. (Dkt. No. 11, pp. 23-25). In addition, as of November 28, 2014, the 89 Estate Anna's Hope property is encumbered by a property tax assessed by the Office of the Lieutenant Governor of the Virgin Islands in the amount of $2,430.97. *Id.* ¶ 25. As a result of the federal tax liens attaching to the Estate Anna's Hope property and the unpaid tax liabilities, the United States asserts that it is entitled to foreclose the federal tax liens on the property and sell it free and clear of the

4

interest of all parties. *Id.* ¶ 26. The sale proceeds would be paid to the parties in accordance with whatever interests they have in the property, with the amounts attributed to Arawak paid to the United States so as to be applied against Arawak's tax debt. *Id.*

The United States seeks judgment against Arawak in the amount of $171,241.99 as of March 31, 2015, together with accruing interest and penalties; a determination that it has valid liens against the two properties; a determination of the interest of First Bank, Hound & Foxes, and the VI Government in the properties; foreclosure of the federal liens against the two properties and sale of the properties; and distribution of the proceeds in accordance with the rights of the parties, with the amount attributed to Arawak paid to the United States to be applied against its tax liabilities. *Id*. at pp. 7-8.

The United States filed a Motion to Extend Time to Effect Service and for Leave to Serve by Publication on June 24, 2015 to effect service on Arawak. (Dkt. No. 12). The Court granted the Motion (Dkt. No. 14) and, on September 28, 2015, the United States filed two notices of service by publication showing that the summons was published in the Orlando Sentinel and the Virgin Islands Daily News. (Dkt. Nos. 22, 23).

Also on June 24, 2015, the United States filed an Application for entry of default against Defendants First Bank and Hounds & Foxes. (Dkt. No. 13). On July 6, 2015, First Bank's attorney filed a Notice of Appearance (Dkt. No. 16) and an Answer to the Amended Complaint (Dkt. No. 17). Two days later, on July 8, 2015, the Court granted the United States' application for entry of default in part, to the extent that it entered default against Hounds & Foxes, and denied as moot the request for entry of default against First Bank in light of its Answer. (Dkt. No. 18). The VI Government filed an Answer to the Amended Complaint on September 15, 2015. (Dkt. No. 20).

On October 16, 2015, the United States filed an application for entry of default against Arawak. (Dkt. No. 24). The Clerk of Court entered default against Arawak on November 3, 2015. (Dkt. No. 25).

On January 14, 2016, the United States filed the instant Motion for Default Judgment against Arawak on Count I of the Amended Complaint (Dkt. No. 30), along with a Declaration of Eric Swindell, a Revenue Officer for the Internal Revenue Service ("IRS") on St. Croix with attached exhibits (Dkt. Nos. 30, 30-1, 30-2). In its Memorandum in support of its Motion, the United States asserted that a delegate of the Secretary of the Treasury made assessments against Arawak for unpaid federal employment (Form 941) tax for the quarterly periods beginning in the fourth quarter of 2001 through the fourth quarter of 2009; penalties for failure to file correct information returns in 2005; and penalties, statutory additions, and interest. (Dkt. No. 30). The total amount due, computed through January 18, 2016, is $175,059.04. *Id.* The Memorandum further states that the Declaration of the United States' counsel, attached to the application for entry of default against Arawak (Dkt. No. 24-1), provides that Arawak was properly served by publication, and therefore default judgment against Arawak is proper. *Id*.

In his attached Declaration, Eric Swindell averred that, in his capacity as IRS Revenue Officer, his responsibilities include reviewing records and verifying information concerning taxpayers' federal accounts; he is familiar with and reviewed the IRS tax account records regarding Arawak; and the records reflect that the IRS assessed federal income taxes against Arawak as provided in an attached chart (the same chart included in the United States' Amended Complaint). (Dkt. No. 30-2). Mr. Swindell stated that the IRS record reflects the overdue balance for income tax liabilities, plus statutory additions for penalties and interest, totaling $175,059.04, computed through January 18, 2016. *Id.* This basis for the total amount due was shown on fifty pages of attached account transcripts. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Flagstar Bank, FSB v. Rivers,* 2014 WL 1101858, at *3 (D.V.I. Mar. 18, 2014) (quoting *Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the

defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.   ANALYSIS

The United States has satisfied all of the requirements necessary to obtain a default judgment on Count I against Defendant Arawak. It has shown that Arawak was validly served by publication. (Dkt. Nos. 22, 23, and Declaration of Counsel, Dkt. No. 24-1). The United States has also shown that Arawak failed to answer, plead or otherwise defend this action, and that default was entered against it by the Clerk of Court. (Dkt. No. 25).[2]

In addition, the United States has shown how it calculated the amount of damages due by providing the Declaration of Eric Swindell, with attached exhibits. (Dkt. No. 30-2). Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to the United States resulting from the failure of Arawak to pay the assessed federal tax liens, together with the apparent absence of a litigable defense, weigh in favor of the Court granting default judgment. Moreover, Arawak's culpable conduct in relation to this debt is evidenced by its refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

---

[2] Because Arawak is a not-for profit entity, the default judgment requirements for individual defendants—that they not be infants or incompetent persons, or in the active military service—are not relevant here.

In view of the foregoing, default judgment on Count I against Defendant Arawak is appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Default Judgment against Defendant Arawak Program, Inc. on Count I of the Amended Complaint. (Dkt. No. 30).

An appropriate Order accompanies this Memorandum Opinion.

Date: September 23, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge