**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 2015-0027** |
| ) | |
| **ARAWAK PROGRAM, INC.; FIRST BANK** ) | |
| **OF PUERTO RICO; HOUNDS & FOXES** ) | |
| **TRACK CLUB; and THE GOVERNMENT OF** ) | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Stephanie Sasarak, Esq.,**
Washington, DC
    *For Plaintiff*

**Carol Ann Rich, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant First Bank of Puerto Rico*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Government of the Virgin Islands*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the "Motion for Entry of Default Judgment Against Hounds & Foxes Track Club" ("Hounds & Foxes"), filed by Plaintiff United States of America ("United States") on September 16, 2016. (Dkt. No. 34). The Motion was filed in response to an Order entered by the Court on September 9, 2016 which directed the United States to address Hounds & Foxes' status as a Defendant in this action. (Dkt. No. 33).

### I.   PROCEDURAL BACKGROUND

The United States filed a Complaint in April 2015 and an Amended Complaint in June 2015 in which it sought to reduce to judgment federal tax assessments against Defendant Arawak

Program, Inc. ("Arawak") and to foreclose the federal tax liens against two parcels of real property which Arawak owned. (Dkt. Nos. 1, 11). The United States named Hounds & Foxes as a Defendant because one of the properties may have been encumbered by a lease agreement between Arawak and Hounds & Foxes. Hounds & Foxes was served (Dkt. No. 8) but failed to appear, and the United States obtained entry of default against it. (Dkt. No. 18). Subsequently, Defendant FirstBank of Puerto Rico was dismissed from the action (Dkt. No. 31), and the Court granted the United States' motion for default judgment as to Arawak. (Dkt. No. 35).

The United States and the Government of the Virgin Islands ("V.I. Government") filed a Joint Motion which was intended to resolve the remaining issues in the case. (Dkt. No. 32). In the Joint Motion, the United States and V.I. Government agreed on the priority of liens regarding the property at issue to be paid once the foreclosure sale took place. *Id.* However, neither the Joint Motion nor the proposed Judgment and Order of Sale referred to how Hounds & Foxes' outstanding status as a Defendant was to be addressed by the Court. The United States' "Motion for Entry of Default Judgment against Hounds & Foxes Track Club" addresses that remaining issue.

In its Motion, the United States asserts that the Court entered default against Hounds & Foxes because it failed to plead or otherwise defend the complaint, and therefore Hounds & Foxes forfeited any leasehold interest in the property. (Dkt. No. 34). It requests that a default judgment be entered against Hounds & Foxes. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v.*

2

*Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Flagstar Bank, FSB v. Rivers,* 2014 WL 1101858, at *3 (D.V.I. Mar. 18, 2014) (quoting *Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III. ANALYSIS

Although it has not set forth the standard for default judgment nor applied that standard to the facts concerning Defendant Hounds & Foxes, the United States has, nevertheless, satisfied all of the requirements necessary to obtain a default judgment against Hounds & Foxes. It has shown that Hounds & Foxes was validly served. (Dkt. No. 8). It has also shown that Hounds & Foxes failed to answer, plead or otherwise defend this action, and that default was entered against it by the Magistrate Judge of this Court. (Dkt. No. 18).[1]

The Court has also considered the *Chamberlain* factors and finds that the prejudice to the United States resulting from the failure of Hounds & Foxes to answer the Complaint, which would impede final resolution of this matter, together with the apparent absence of a litigable defense, weigh in favor of the Court granting default judgment. Moreover, Hounds & Foxes' culpable conduct in relation to this debt is evidenced by its refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

In view of the foregoing, default judgment against Defendant Hounds & Foxes is appropriate. (Dkt. No. 34).

---

[1] Because Hounds & Foxes is an entity, the default judgment requirements for individual defendants—that they not be infants or incompetent persons, or in the active military service—are not relevant here. In addition, the United States does not seek any damages against Hounds & Foxes.

## ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the United States' Motion for Default Judgment against Defendant Hounds & Foxes (Dkt. No. 34) is **GRANTED**.

**SO ORDERED.**

Date: September 23, 2016                              _____/s/_____
                                                                              WILMA A. LEWIS
                                                                              Chief Judge